UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| KIM HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:20-CV-521-TAV-JEM |
| | ) | |
| LEIDOS HOLDINGS INC., | ) | |
| d/b/a "LEIDOS," d/b/a and/or f/k/a | ) | |
| "LEIDOS INNOVATION | ) | |
| CORPORATION" d/b/a | ) | |
| "LEIDOS INNOVATION | ) | |
| CORPORATION AND SUBSIDIARIES," | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 56(d) and Declaration of Attorney Anthony P. Consiglio in Support of Plaintiff's Request [Doc. 58]. Plaintiff requests that the Court defer determination of defendant's motion for summary judgment until the end of fact discovery on November 7, 2022, to allow plaintiff time to take fact depositions of defendant's current and former employees. Plaintiff further requests that the Court allow her to file, no later than November 14, 2022, a supplemental brief in opposition to defendant's motion for summary judgment, not to exceed eight pages, excluding any additional exhibits that may be necessary. Defendant filed a response in opposition [Doc. 66], and this matter is ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons explained below, plaintiff's motion will be **DENIED**.

I.   Background

Plaintiff Kim Holmes ("Plaintiff") filed this action against defendant Leidos Holdings, Inc. ("Defendant") on February 13, 2020 [Doc. 1].  Plaintiff alleges that defendant unlawfully discriminated against her on the basis of gender, in violation of Title VII of the Civil Rights Act, pursuant to 42 U.S.C. § 2000(e) ("Title VII") and in violation of the New Jersey State Law Against Discrimination, pursuant to N.J.S.A. 10:5-1 to -49 ("NJSLAD") [*Id.* at 1-2, 10–12].   In addition, plaintiff alleges that defendant unlawfully retaliated against her, in violation of Title VII and in violation of the NJSLAD [*Id.* at 11–13].

Defendant filed a motion for summary judgment on August 23, 2022 [Doc. 39]. After plaintiff filed a motion for extensions of time [Doc. 42], the Court extended the time plaintiff had to respond until September 30, 2022, and extended the time for disclosures of expert testimony [Doc. 48].  Plaintiff then filed another motion requesting an emergency telephone conference concerning summary judgment procedures [Doc. 50].  The Court denied plaintiff's request for an emergency telephone conference and declined to extend plaintiff's time to respond to the summary judgment motion [Doc. 52].  Plaintiff filed her response on time [Doc. 57].  Subsequently, she filed the instant motion for relief pursuant to Federal Rule of Civil Procedure 56(d) [Doc. 58], and defendant responded [Doc. 66].

II.   Standard of Review

When a party files a motion for summary judgment, Rule 56(d) allows the non-moving party to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56(d). If the moving party makes this showing, then "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.* The purpose of Rule 56(d) is "to ensure that plaintiffs receive a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment." *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (internal quotation marks omitted).

### III. Analysis

#### A. Procedural and Substantive Requirements

A party moving for relief pursuant to Rule 56(d) must satisfy both procedural and substantive requirements. Procedurally, the moving party must file an affidavit or declaration in support of its request. Fed. R. Civ. P. 56(d). Here, plaintiff has satisfied this requirement by filing the declaration of attorney Anthony P. Consiglio [Doc. 58], and the declaration of attorney Heather Moore Collins [Doc. 58-1].

Substantively, the moving party must make her request with "some precision" and must state "the materials [s]he hopes to obtain with further discovery[] and exactly how [s]he expects those materials would help h[er] in opposing summary judgment." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (internal quotation marks omitted). Specifically, a party making a filing under Rule 56(d) must "indicate to the district court

3

[her] need for discovery, what material facts [she] hopes to uncover, and why [she] has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). Bare allegations or vague assertions of the need for additional time for discovery are not enough. *United States v. Cantrell*, 92 F. Supp. 2d 704, 717 (S.D. Ohio 2000).

In his declaration, Anthony P. Consiglio ("Consiglio"), attorney of record for plaintiff, outlines the discovery needed to oppose defendant's motion for summary judgment [Doc. 58]. First, he notes that the deposition of plaintiff's alleged sexual harasser, Jamie Hatcher, will take place on November 3, 2022. Consiglio contends that Hatcher's account of events is likely to include facts about Hatcher's supervisory status as Site Manager at Mazar-i-Sharif which are crucial to the determination of various issues raised on summary judgment, including defendant's vicarious liability. In addition, Consiglio asserts that Hatcher's deposition testimony will include facts about his request to defendant to terminate plaintiff's employment, which goes to the central issue on summary judgment of whether defendant's proffered reason for termination is pretext for discrimination. Second, Consiglio states that the deposition of plaintiff's supervisor, Kurt Williams, will take place on November 1, 2022. Consiglio explains that Williams will provide details about he and Ricky Deckard's roles in selecting plaintiff for termination and their discussions about Hatcher's alleged mismanagement of the Mazar-i-Sharif work site.

Finally, Consiglio contends that a rating sheet that was relied on by defendant to justify plaintiff's selection for termination was produced in discovery. However, defendant has objected to producing any documentation underlying the creation of the rating sheet. Consiglio states that the rating sheet clearly shows that defendant relied on Jamie Hatcher's request to fire plaintiff when it selected her for termination, and defendant has avoided any mention of the rating sheet in its summary judgment motion. Consiglio asserts that the documentation underlying the rating sheet is crucial evidence in determining whether defendant has successfully established a legitimate reason for termination and whether that reason is a pretext for discrimination.

As to the two depositions, the Court finds that plaintiff has specifically identified the additional discovery she desires to uncover in order to oppose defendant's motion for summary judgment. She has stated the names of the two deponents whom she will depose, the facts she expects to learn at those depositions, and how those facts will help her to oppose defendant's motion for summary judgment.

However, the Court is not convinced by plaintiff's argument as to the documentation underlying the rating sheet. The parties met with United States Magistrate Judge Jill E. McCook on October 4, 2022, to discuss the discovery dispute about the rating sheet [Doc. 62]. Judge McCook ultimately ruled that "[p]laintiff's request that [d]efendant produce 'all communications and documentation' relating to the rating sheet before October 27, 2022, is disproportional to the needs of the case" [Doc. 64, p. 2]. Judge McCook stated that plaintiff will have the opportunity to ask

5

upcoming deponents about the rating sheet instead [*Id.* at 2–3]. Thus, seeing that plaintiff has been denied her request for documentation underlying the rating sheet, plaintiff cannot support her Rule 56(d) motion on this basis.

Therefore, as to the two depositions that plaintiff has identified, plaintiff has met the substantive and procedural requirements of Rule 56(d).[1] However, she must also demonstrate whether the five *Plott* factors weigh in favor of granting her motion for relief. *See Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190 (6th Cir. 1995).

### B. *Plott* Factors

The Sixth Circuit has set forth five factors that courts should consider in deciding Rule 56(d) motions. *Id.* at 1196–97. Those factors are:

> (1) when the [moving party] learned of the issue that is the subject of the desired discovery[]; (2) whether the desired discovery would have changed the ruling below[]; (3) how long the discovery period had lasted[]; (4) whether the [moving party] was dilatory in its discovery efforts[]; and (5) whether the [nonmovant] was responsive to discovery requests[.]

*Id.* The Court is to consider and weigh each of these factors in its determination. *See Lookout Mountain Suites, LLC v. Pinkston*, No. 1:18-CV-311, 2021 WL 722732, at *4 (E.D. Tenn. Feb. 24, 2021). However, "[the] main inquiry is whether the moving party was diligent in pursuing discovery." *Doe*, 928 F.3d at 491.

#### 1. Whether the Moving Party Was Dilatory in Its Discovery Efforts

Here, Consiglio has provided reasons for not discovering the information plaintiff desires earlier on in the proceeding. First, he states that between June 2020 to present,

---

[1] The Court will consider why plaintiff has not previously discovered this information in its analysis of the *Plott* factors.

his law firm has struggled repeatedly with significant understaffing, employee relocations, employee pregnancies, and childcare needs that could not be accommodated because of the Covid-19 pandemic. In addition, he notes the illnesses and deaths that he and his law firm has suffered as a result of the pandemic. Moreover, he states that around June 2022, he learned that his Tennessee co-counsel had split up their partnership and would not be able to conduct fact depositions and maintain joint responsibility for plaintiff's case as he had originally planned. The Declaration of Attorney Heather Moore Collins [Doc. 58-1] supports these contentions.

However, defendant argues that plaintiff has been dilatory in her discovery efforts. Defendant contends that discovery has been open since March 24, 2021, i.e., a year and a half. Defendant states that plaintiff's deposition occurred on July 7, 2022; however, at no time between July 7, 2022, and August 23, 2022, did plaintiff request to take the depositions of any witnesses. Instead, defendant contends that the first time plaintiff asked to take Jamie Hatcher and Kurt Williams's depositions was August 29, 2022, which was six days after defendant's motion for summary judgment had been filed. Defendant also notes that plaintiff has been aware from the Court's scheduling order that the discovery deadline would close 90 days prior to trial, which is 60 days after the summary judgment deadline.

Defendant further contends that an ongoing pandemic is no excuse for plaintiff's delay. Defendant asserts that plaintiff is represented by a multiple lawyers. It states that plaintiff's deposition occurred via Zoom, and a year and a half is more than sufficient

time to work around unforeseen illnesses. Moreover, defendant argues that plaintiff's counsel is not alone in his struggles with the pandemic, citing to defense counsel's illnesses that he and his entire office has suffered. Furthermore, defendant contends that understaffing is no excuse either. It explains that defense counsel's office has experienced multiple staffing issues within the last year, leaving him to handle this case with another associate who only recently joined after returning from parental leave.

The Court first notes that this case was filed on February 13, 2020 [Doc. 1]. The Court entered the scheduling order on March 24, 2021 [Doc. 31], and defendant filed its motion for summary judgment on August 23, 2022 [Doc. 39]. Thus, discovery had already commenced at the time defendant filed its summary judgment motion. *See Malibu Boats, LLC v. Mastercraft Boat Co.*, No. 3:15-CV-276, 2016 WL 589691, at *6 (E.D. Tenn. Feb. 11, 2016) (examining whether discovery had commenced when the defendant filed its motion). In addition, the scheduling order placed plaintiff on notice that the dispositive motion deadline fell before the discovery deadline. *See Pinkston*, 2021 WL 722732, at *4 (examining whether the plaintiff expected the defendants' motion for summary judgment to be filed before the end of discovery).

The Court recognizes that the Covid-19 pandemic has been ongoing during the pendency of this case and has certainly made several aspects of life more difficult. The Court also recognizes the issues plaintiff's counsel has endured in and out of his office during the pandemic. Particularly, Consiglio contracted Covid-19 in early June 2022,

8

shortly after learning that his Tennessee co-counsel had split up their partnership and would not be able to maintain joint responsibility for this case.

However, plaintiff is represented by multiple lawyers. In addition, plaintiff's deposition was taken on July 8, 2022 [*See* Doc. 41-1]. Plaintiff has not provided any reason why the depositions of Jamie Hatcher and Kurt Williams could not have been taken after July 8, 2022, much less prior to that as well *See Pinkston*, 2021 WL 722732, at *5 (recognizing that despite the Covid-19 pandemic, the plaintiff had conducted depositions before the dispositive motion deadline and had not provided reasons why various third-party depositions were not conducted or requested during this period).

For all these reasons, the evidence before the Court demonstrates plaintiff lacked diligence in pursuing her discovery efforts, and this factor weighs against granting the Rule 56(d) motion. Although this factor is the main inquiry for a Rule 56(d) motion, the Court will still consider and weigh the other *Plott* factors.

### 2. When the Moving Party Learned of the Issue That Is the Subject of the Desired Discovery

Plaintiff does not address when she learned of the need to take the depositions of Jamie Hatcher and Kurt Williams. However, defendant argues that plaintiff has known that she would need to take the depositions of these two individuals from the day this lawsuit was filed. Defendant contends that Jamie Hatcher is plaintiff's alleged harasser, and his testimony is essential to all her claims. In addition, defendant asserts that the complaint contains specific allegations regarding Kurt Williams.

9

The Court finds that plaintiff has been aware that she would need to take the depositions of both Jamie Hatcher and Kurt Williams since the filing of this lawsuit. Plaintiff's complaint alleges that defendant unlawfully harassed, discriminated against, and retaliated against plaintiff in a hostile work environment [Doc. 1, p. 1]. Jamie Hatcher is plaintiff's alleged sexual harasser [*See id.* at 4], and Kurt Williams was plaintiff's supervisor [*See id.* at 7–8]. Thus, their depositions have been essential to plaintiff's case from its initiation on February 13, 2020, and plaintiff's awareness of the subject of the desired discovery weighs against granting the Rule 56(d) motion.

### 3. Whether the Desired Discovery Would Change the Ruling Below

For the reasons stated earlier, plaintiff contends that obtaining these two depositions will help her to oppose defendant's summary judgment motion. Plaintiff argues that the essential nature of the evidence that she needs to obtain during fact discovery to prove her claims is a crucial factor for the Court's consideration. Defendant responds that additional discovery will not change the outcome of the summary judgment motion because plaintiff's sworn admissions "doom" her harassment claim. Defendant asserts that plaintiff repeatedly and unequivocally testified that she did not report Jamie Hatcher's alleged harassment to anyone at defendant's place of business. As a result, defendant contends that plaintiff's admissions make it abundantly clear that there is no basis to impute liability to defendant for Hatcher's alleged conduct. Moreover, defendant argues that plaintiff's admissions are also fatal to her retaliation claim because she cannot show that she engaged in a protected activity and cannot establish a *prima facie* case.

10

The Court notes that plaintiff timely filed a response to defendant's motion for summary judgment [Doc. 57]. Plaintiff's response was 25 pages long with several exhibits attached. Plaintiff does mention the depositions of Kurt Williams and Jamie Hatcher that are scheduled to take place on November 1 and 3, 2022 [*Id.* at 14]. However, plaintiff then states that the current record supports that there is insufficient evidence for the Court to conclude that defendant has established its defense that only certain people made the decision to terminate plaintiff's employment [*Id.*]. Thus, based on plaintiff's response that she has already filed, it does not seem that the current record wholly denies her the ability to "present facts to justify her opposition because she need[s] more discovery." *Peltier v. Macomb Cnty., Mich.*, No. 10–CV–10796, 2011 WL 3320743, at *2 (E.D. Mich. Aug. 2, 2011). In addition, defendant has made several arguments within its motion for summary judgment for which plaintiff can oppose [*See* Docs. 39, 40]. *Cf. Cypherd v. Belk, Inc.*, No. 3:13–CV–232, 2015 WL 141573, at *3 (E.D. Tenn. Jan. 12, 2015) (granting a Rule 56(d) motion where the defendant had only one argument in its motion for summary judgment).

However, the standard for the Court at this juncture is to decide "whether the evidence *might* influence the court's perception of a genuine factual dispute." *Wilson v. Ebony Constr. LLC*, No. 2:17-cv-1071, 2018 WL 4743063, at *6 (S.D. Ohio Oct. 2, 2018) (internal quotation marks omitted). Assuming that the two depositions that plaintiff plans to take will uncover facts about defendant's vicarious liability and defendant's proffered reason for termination, "the absence of such [information] could

11

create a genuine factual dispute as to [p]laintiff's claims against [defendant]." *Pinkston*, 2021 WL 722732, at *6. Thus, the Court will construe this factor as weighing in favor of granting the Rule 56(d) motion.

### 4. How Long the Discovery Period Has Lasted

Plaintiff does not address how long the discovery period has lasted. However, defendant states that discovery was open for 17 months prior to summary judgment, and this was more than sufficient time to depose key players in a single-plaintiff employment case.

The Court notes that with approximately one month remaining to obtain discovery, plaintiff has filed the instant motion to take the depositions of two key witnesses. However, since the Court filed the scheduling order for this case on March 24, 2021, plaintiff has been on notice how long she would have to obtain discovery [*See* Doc. 31]. In addition, after the scheduling order was entered, the Court granted the parties' joint motion to amend the scheduling order and move the trial date to February 6, 2023 [Doc. 36]. Moreover, the Court granted plaintiff's request for extensions of the time to respond to the motion for summary judgment and the time for expert disclosures [Doc. 48]. Thus, the Court finds that the length of the discovery period weighs against granting the Rule 56(d) motion. *Cf. Williams v. Schismenos*, No. 5:15-cv-2345, 2017 WL 1024034, at *4–5 (N.D. Ohio Mar. 16, 2017) (denying a Rule 56(d) motion where the length of discovery had been extended to eight months); *Peltier*, 2011 WL 3320743, at *2

12

(denying a Rule 56(d) motion where the length of discovery had been extended to five and a half months).

### 5. Whether the Nonmovant Was Responsive to Discovery Requests

Plaintiff's counsel argues that defendant was not responsive to her discovery requests. Specifically, Consiglio contends that at the beginning of 2022, he had to "fight" with defense counsel for four months to obtain ESI. He states that he served document requests on December 23, 2021. Afterwards, a call concerning the documents took place on January 4, 2022, where defense counsel declined to create ESI search terms and insisted on Consiglio proposing ESI search terms. After proposing ESI search terms on January 7, 2022, Consiglio did not receive the requested search hits until April 25, 2022. Consiglio states that defendant subsequently produced responsive documents on May 4, May 24, and August 5.

Defendant responds that the sequence of events that occurred was exactly what the scheduling order envisioned. In addition, defendant states that what happened in this case occurs in nearly all cases where ESI is sought from a large, corporate entity housing millions of emails. Defendant asserts that 3,000 documents were produced to plaintiff in May 2022 as a result of the ESI searches. Defendant also notes that the parties agreed to forestall engaging in the expense of ESI discovery until after mediation in March 2022.

The Court recognizes that defendant may have not responded to plaintiff's requests for ESI as quickly as plaintiff had hoped. However, plaintiff has "not identified any discovery deadlines that defendant[] missed," and defendant produced 3,000

13

documents to plaintiff. *See Cline v. Dart Transit Co.*, 804 F. App'x 307, 316 (6th Cir. 2020). The Court also notes defendant's statement that the parties agreed to refrain from engaging in ESI discovery until after mediation in March 2022. If such an agreement existed, then plaintiff's argument as to defendant's responsiveness is not as persuasive.

Moreover, plaintiff has not explained how the ESI she requested from defendant is needed in order to oppose defendant's motion for summary judgment. At issue in plaintiff's Rule 56(d) motion, besides the rating sheet documentation, are the two depositions plaintiff plans to take in early November 2022. Plaintiff has not made any allegation that defendant was not responsive to plaintiff's requests to take these two depositions. In fact, plaintiff states that defendant has not objected to any of the depositions requested by plaintiff for which defendant controls. Even if the ESI somehow relates to plaintiff's need for additional discovery, plaintiff has been in possession of the documents since May and August of 2022. Considering all these circumstances, defendant's responsiveness to discovery requests weighs against granting the Rule 56(d) motion.

## IV. Conclusion

In conclusion, the Court does not find that relief under Rule 56(d) is warranted. As to the two depositions, plaintiff has met the procedural and substantive requirements of Rule 56(d). However, four of the five *Plott* factors weigh against granting her motion. The most important of the factors weighing against plaintiff is her lack of diligence in

14

pursuing discovery efforts. For all these reasons, the Court concludes that plaintiff's motion for relief pursuant to Rule 56(d) [Doc. 58] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE